# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cr. ID. No. 1504005028 |
| THOMAS RIVERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: December 18, 2018
Decided: March 7, 2019

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Denied

**ADOPTED**

## ORDER

This 7th day of March 2019, the Court has considered the Commissioner's Report and Recommendation, Defendant's Motion for Postconviction Relief, and the relevant proceedings below.

On May 10, 2018, Defendant Thomas Rivers filed a Motion for Postconviction Relief; on July 5, 2018, Defendant filed an Amended Motion for Postconviction Relief; and on August 9, 2018, Defendant filed a Memorandum of Law and an Affidavit in support of his motion. This is Defendant's first motion for

1

postconviction relief, and it was timely filed pursuant to Superior Court Criminal Rule 61. The motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law. The Commissioner issued the Findings of Fact and Recommendations on December 4, 2018. The Commissioner recommended that Defendant's Motion for Postconviction Relief be denied.

In Defendant's Rule 61 motion, he argues that trial counsel was ineffective in advising him to accept a plea offer despite the failure to interview potential witnesses or conduct an independent investigation that would have resulted in a more favorable outcome. Defendant argues that a witness would have testified that the person who shot the victim did not match the Defendant's general description, and Trial Counsel's failure to advise him of this caused Defendant prejudice because he plead guilty rather than going to trial with this evidence.

Trial Counsel's Affidavit attests that he reviewed witness statements with Defendant prior to trial. Defendant was made aware of the weaknesses in the statements. Trial Counsel admits that he did not interview the victim. However, Trial Counsel states the victim was uncooperative and could not be found by the State, and since the victim was necessary to the State's case, it was not in Defendant's best interest to assist with locating him. With respect to the eye-witness affidavit provided by Defendant, Trial Counsel explained that prior to trial, he sent

2

a private investigator to visit the eye-witness while he was incarcerated. Trial Counsel discussed this interview with Defendant and subpoenaed the private investigator to testify at trial in the event the eye-witness changed his story.

Trial Counsel further attests that he discussed the strengths and weaknesses of the State's case with Defendant as well as mitigating factors relevant to sentencing. Trial Counsel believes he filed all motions legally relevant to Defendant's case, explained the law to him, and the ramifications of going forward with trial, or in the alternative, accepting a plea offer.

Defendant, with full knowledge of the witness statements, entered a guilty plea. A defendant's statements to the Court during the guilty plea colloquy are presumed to be truthful and Defendant is bound by his statements to the Court.[1] Through the Plea Agreement and Truth-in-Sentencing Guilty Plea Form, Defendant agreed to waive the right to a trial by jury, to question witnesses, to present evidence, to testify in his defense, and to compel the State to prove the charges against him. The Court's decision on Defendant's sentencing motion acknowledged that the plea was knowing, intelligent, and voluntary. Therefore, Defendant waived any right to

---

[1] *Windsor v. State*, 2015 WL 5679751, at *3 (Del.)(holding that absent clear and convincing evidence to the contrary, defendant is bound by his sworn statements.); *see also State v. Brown*, 2010 WL 8250799, at *3 (Del. Super.)(citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).

3

challenge the witness statements and the State's ability to prove the charges against him.

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[2] When a defendant has pled guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial.[3] Mere allegations of ineffectiveness will not suffice. A defendant must make and substantiate concrete allegations of actual prejudice.[4] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[5]

According to Trial Counsel's affidavit, he provided Defendant with witness statements. Trial Counsel did not actively seek the victim because locating the victim would not have benefitted Defendant. Trial Counsel discussed with Defendant his strategy for handling witnesses at trial. Trial Counsel made Defendant aware of the eye-witness' affidavit, his retraction of previous statements, and Trial

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).
[3] *State v. Hess*, 2014 WL 6677714, at *6 (Del. Super.).
[4] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[5] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super.).

Counsel was prepared to address the witness at trial and present a secondary witness in the event the eye-witness attempted to change his story.

Defendant has not provided any insight as to what Trial Counsel could have or should have done differently. Trial Counsel's investigation and preparation for trial appears to have been thorough and objectively reasonable under the circumstances. Defendant has failed to demonstrate error by counsel.

The Court holds that the Commissioner's Report and Recommendation dated December 4, 2018, should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[6]

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety. Defendant's Motion for Postconviction Relief is hereby DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[6] Super. Ct. Crim. R. 62(a)(4)(iv).

5